Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 200608-91744
DATE: October 29, 2021

ORDER

The reduction of the Veteran's rating for insomnia and unspecified depressive disorder from 70 to 50 percent effective September 1, 2020 is void ab initio, and 70 percent rating is restored, subject to the laws and regulations governing the awards of monetary benefits. 

The reduction of the Veteran's rating for a lumbar spine disability from 40 to 20 percent effective September 1, 2020 is void ab initio, and a rating at 40 percent is restored, subject to the laws and regulations governing the awards of monetary benefits. 

FINDING OF FACT

The evidence of record fails to show an actual improvement in the Veteran's ability to function under the ordinary conditions of life and work as a result of improvement in either his back or mental health condition. 

CONCLUSIONS OF LAW

1. The criteria for restoration of a 70 percent rating for insomnia disorder and unspecified depressive disorder have been met. 38 U.S.C. § 501; 38 C.F.R. § 3.344.

2. The criteria for restoration of a 40 percent rating for lumbar spine disability have been met. 38 U.S.C. § 501; 38 C.F.R. § 3.344.

REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran honorably served on active duty from December 1985 to March 1992. In a May 2020 rating decision, the Regional Office (RO) reduced the ratings for his insomnia and unspecified depressive disorders from 70 to 50 percent and for his lumbar spine disability from 40 to 20 percent, effective September 1, 2020. The Veteran appealed, electing the Board's hearing lane. In October 2021, the Veteran testified at a Board's hearing, seeking to restore the previously assigned ratings.

At the outset, the Board notes that the Veteran's ratings have been in effect for less than five years and thus reduction is not subject to certain procedural requirements as set forth in 38 C.F.R. § 3.105. 

Notwithstanding the alleviated procedural standards, all pertinent regulations are applicable to all rating in every case. Brown v. Brown, 5 Vet. App. 413, 420 (1993). As such, in every case, the evidence of record must show that an improvement shown on examinations has actually occurred, which mandates an analysis of the Veteran's ability to function under the ordinary conditions of life and work. Id. at 421. Unfortunately, the Agency of Original Jurisdiction (AOJ) failed to conduct such an analysis in this case, which renders the reduction decision improper. Brown, 5 Vet. App. at 422. The proper remedy is restoration of the full benefits. 

(Continued on the next page)

 

Accordingly, the appeal is granted and the 70 percent rating for a mental health disability and a 40 percent rating for the Veteran's back disability are restored.

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Alex Bardin, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.